**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANA SKRZYNECKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COX ENTERPRISES, INC. WELFARE | ) | |
| BENEFIT PLAN and AETNA LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, DIANA SKRZYNECKI, by her attorneys, MARK D. DEBOFSKY, MARTINA B. SHERMAN, and DEBOFSKY & ASSOCIATES, P.C.; and complaining against the Defendants, COX ENTERPRISES, INC. WELFARE BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY, she states:

### Jurisdiction and Venue

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this case, consists of a group long-term disability ("LTD") plan (hereafter "the Plan") sponsored by Cox Enterprises, Inc. ("Cox Enterprises") for the benefit of its employees and administered Aetna Life Insurance Company ("Aetna"). In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative

or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois since the Plan is administered in this district; the breach occurred in this district; Cox Enterprises does business in this district; and employees of Cox Enterprises reside in this district. 29 U.S.C. §1132(e)(2), 28 U.S.C. § 1391.

### Nature of Action

4. This is a claim seeking payment of LTD benefits due and owing under the Defendant Plan (a true and accurate copy of which is attached hereto as Exhibit A (the Plan); Exhibits B & C (summary plan descriptions); and Exhibit D (Administrative Services Contract between Aetna and Cox Enterprises), which is sponsored by Cox Enterprises and administered by the Defendant, Aetna. This action is brought pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks penalties and attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g).

### The Parties

5. The Plaintiff, Diana Skrzynecki ("Plaintiff"), age 60 (born October 1955), was a resident of Lombard, Illinois and employed by Cox Enterprises on a full-time basis at the time her claim for benefits arose.

6. The Defendant, Aetna, was, at all times relevant hereto, doing business throughout the United States and within the Northern District of Illinois. At all times relevant hereto, Aetna administered long-term disability benefits on behalf of the Plan Administrator.

7. Cox Enterprises was, at all times relevant hereto, doing business throughout the United States and within the Northern District of Illinois. Cox was the sponsor of a welfare benefit plan for its employees, which included long-term disability benefits coverage.

8. At all times relevant hereto, the Defendant Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). Incident to her employment with Cox Enterprises as

2

a Field Staff Accountant and later as an Accountant, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

9.      Plaintiff was successfully employed on a full-time basis by Cox Enterprises as a Field Staff Accountant and later as an Accountant through January 15, 2015, when she had to cease working due to the cumulative impact of all of her medical conditions, which include cancerous tumors of the right breast and left carotid artery; chronic, left-sided neck and shoulder pain and weakness following throat surgery to remove the carotid tumor; neuropathy of the left hand; cervical degeneration; cognitive impairment secondary to chemotherapy; depression; and anxiety. Plaintiff has been unable to work as an accountant or in any other capacity since that date.

10.      In light of her medical conditions, Plaintiff applied for and received short-term disability benefits from Cox Enterprises for one year; and, when those benefits were nearly exhausted, Plaintiff applied for LTD benefits under the Plan. Plaintiff alleged and submitted proof of claim establishing that she fulfilled the Plan's terms and conditions, which state in relevant part:

**Total Disability**

You are considered totally disabled while either of the following applies to you:

- In the first 24 months of a period of total disability: You are not able, solely because of injury or disease, to work at your own occupation.

- After the first 24 months of a period of disability: You are not able, solely because of injury or disease, to work at any reasonable occupation. (A reasonable occupation is defined as any gainful activity which you are or reasonably could become qualified to perform through education, training, or experience earning equal to your LTD benefit but no less than 60 percent of pre-disability earnings. It does not include work under an approved rehabilitation program).

A period of total disability starts on the first day you are totally disabled and under a physician's care. You are not considered to be under a physician's care for more than 31 days before the first date a legally qualified physician has seen and treated you. If any part of a total disability period is not caused by a physical impairment, the physician must specialize in psychiatry or have the training and experience necessary to evaluate and treat mental illness.

11. Although Plaintiff's claim was sufficiently supported with medical records and reports, and although Plaintiff notified Aetna and Cox that she had been awarded Social Security disability benefits, Aetna denied Plaintiff's claim for LTD benefits, effective July 16, 2015. In its denial letter dated August 20, 2015, Aetna asserted that although Plaintiff would have difficulty typing with her left (dominant hand), she could use her right hand to keyboard and mouse.

12. Thereafter, Plaintiff appealed Aetna's denial pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. As part of her appeal, Plaintiff submitted additional evidence, including the results of a typing test that showed Plaintiff had the ability to type only 15 words per minute with her right hand; the complete contents of her Social Security claim file; medical assessments from her neurologist, oncologist, and primary care physician supporting her disability claim; witness statements from friends and family; and a job description for "Accountant" from the U.S. Department of Labor's *Dictionary of Occupational Titles* ("DOT") confirming that fingering is required "frequently" (defined as "activity or condition exists from 1/3 to 2/3 of the time"). *See* http://www.occupationalinfo.org/appendxc_1. html.

13. Upon receipt of Plaintiff's appeal, Aetna sent Plaintiff's medical records to be reviewed by Shaun M. Gabriel, M.D., a physiatrist, and Gregory Beaulieu, Ph.D., a psychologist. Dr. Gabriel opined, among other things, that Plaintiff could type, firmly grasp, and perform fine manipulation only occasionally. Dr. Beaulieu opined that because Plaintiff was not evaluated by a psychologist during the pertinent time period, the records reviewed did not support the existence

of a functional impairment from a psychological perspective.

14.     Although Plaintiff's submission of proof of claim both initially and on appeal was more than adequate to support her claim for benefits, on May 16, 2016, Aetna notified Plaintiff of its decision to reaffirm its prior denial of LTD benefits. Aetna acknowledged that Plaintiff was able to type, firmly grasp, or perform fine manipulation on only an occasional basis, even though Plaintiff's occupation required that she perform such activities constantly during the work day, but Aetna falsely asserted based on an incorrect and highly biased and result-oriented vocational assessment that Plaintiff's former occupation required use of the hands half of the time. Additionally, Aetna wrote that "there is no documentation that [Ms. Skrzynecki's] left hand is functionally limited," even though Aetna had previously acknowledged, and Dr. Gabriel confirmed, that Plaintiff had functional limitations of her left hand.

15.     The Defendants' determination that Plaintiff is not disabled is contrary to the substantial weight of the evidence, including the opinions of Plaintiff's treating doctors and Aetna's own consultants, who concurred that Plaintiff was limited to typing only occasionally and was therefore precluded from performing her past work as an accountant.

16.     Additionally, the Defendants erred by relying on the opinion of a non-examining psychologist who criticized the evidence instead of sending Plaintiff to be examined by an independent psychologist when the Defendants unquestionably had the right to do so under the Plan.  (Ex. B at 96).

17.     All required pre-litigation appeals seeking the approval of Plaintiff's claim for LTD benefits have now been exhausted. Therefore, this matter is ripe for judicial review.

18.     The evidence submitted to the Defendants conclusively establishes that Plaintiff has been continuously unable to return to her past relevant work since January 16, 2015, and has

thus met and continues to meet the Plan terms and conditions since that date. Plaintiff is therefore entitled to LTD benefits due since July 16, 2015, along with prejudgment interest on all overdue payments.

**Relief Sought**

WHEREFORE, Plaintiff prays for the following relief:

A.      That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendant to pay all LTD benefits owed to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B.      That the Court order Defendant to pay Plaintiff prejudgment interest pursuant to 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3) at an appropriate compounded per annum rate;

C.      That the Court order Defendant to continue paying Plaintiff benefits so long as she continues to meet the Policy's terms and conditions;

D.      That the Court award Plaintiff her attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g); and

E.      That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

Dated: August 4, 2016                                    Respectfully submitted,


                                                         /s/ *Mark D. DeBofsky*
                                                         Mark D. DeBofsky
                                                         Attorney for Plaintiff
                                                         Diana Skrzynecki

Mark D. DeBofsky
Martina B. Sherman
DeBofsky & Associates, P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606

(312) 561-4040
(312) 929-0309 (Fax)